Nash, J.
 

 The indictment charges, “that the defendant unlawfully, wickedly and maliciously did cut and destroy a quantity of Indian corn,” and concludes at common law. The defendant was convicted by the jury, and, upon a motion to arrest the judgment, the motion was overruled, and judgment given in favor of the State. We are of opinion there was error in the judgment pronounced. It is too late, in this State, to question whether an indictment lay at common law for malicious mischief. The point has been, several times, before the Supreme Court, and it has uniformly been decided that it would.
 
 State
 
 v.
 
 Landreth, 2
 
 Car. L. Rep. 446.
 
 State
 
 v.
 
 Simpson, 2
 
 Hawks, 460.
 
 State
 
 v.
 
 Scott, 2
 
 Dev. & Bat. 35.
 
 State
 
 v.
 
 Robinson and others,
 
 3 Dev. & Bat. 130. In each of these cases, those preceding it have been referred to and approved. It may then be considered the settled law of this State. In the case last cited, the court gave a definition of malicious mischief, which is decisive of this case; it is said “ to consist in the wilful destruction of some articles, of personal property, from actual ill-will or resentment towards its owner or possessor.” The property destroyed must be personal property. The charge against the defendant is, that he cut and destroyed a quantity of
 
 standing
 
 corn. Standing corn, that is, corn attached to the land and not cut, is not personal property, but savours of, or rather is a part of, the realty. It is true, that to certain purposes and to' a certain extent, growing or standing corn is considered by' the common law as personalty. It is liable to be taken and sold under execution, and, as between the executor and the
 
 *366
 
 heir, it belongs to the executor; and, in each of these cases, it is considered as personalty, for the same purpose, that is, of subjecting it by
 
 fi. fa.
 
 to the debts of the owner. In no other case does the common law view it as personalty. Our Legislature, have, for another object, given it the same character. It is made the subject of larceny. Rev. Stat. ch. 34, sec.
 
 24.
 
 For no other purpose, either civil or criminal, is that character impressed upon it by the act referred to. And, assuredly, it is not in the power of this court to make the act criminal, to any other or different purpose. It was objected, by the defendant, that the indictment charges the cutting and destroying of
 
 standing
 
 corn, Were this an indictment under the statute for stealing, the distinction between growing corn and corn standing and unsevered from the earth, might be a very important one¡ In this case for the reasons before given, it is not. The judgment must be arrested»
 

 Per Curiam, Ordered to be certified accordingly.